```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


PROFAST COMMERCIAL           :    CIVIL ACTION
FLOORING, INC.               :
                             :
          v.                 :
                             :
LANDIS, LTD.                 :    NO. 08-1615
```

MEMORANDUM AND ORDER

McLaughlin, J.                                    July 21, 2008


This is a contract dispute brought under the Court's diversity jurisdiction by Profast Commercial Flooring, Inc. ("Profast"), a flooring contractor, and Landis, LTD ("Landis"), a flooring supplier, over Landis's alleged delivery of non-conforming goods.  Default has been entered against Landis for failing to timely respond to Profast's complaint and Profast has requested entry of default judgment.  Upon review of the parties' submissions, the Court will deny Profast's request for entry of default judgment and lift the default.

Profast served its complaint upon Landis on May 13, 2008, by personal service.  When Landis failed to answer or otherwise respond within the 20 days provided by Fed. R. Civ. P. 12(a)(1)(A)(i), Profast filed a request for entry of default and entry of default judgment on June 3, 2008.  The requested default judgment was for $216,902.52 plus costs of $410.00.

The Clerk's Office entered default on June 3, 2008. On June 5, 2008, Landis filed a pro se answer in this Court which addressed the substance of Profast's complaint but did not request that the default be lifted.

On June 9, 2008, this Court issued an Order requiring Landis to show cause why a default judgment should not be entered against it. The Court also required Landis to retain licenced counsel, noting that only individuals are entitled to represent themselves pro se in federal court. See Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993); Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1309 (2d Cir. 1991). At Landis's request, the Court extended the time for responding to the show cause order to July 3, 2008.

On the July 3 deadline, Landis's counsel entered a notice of appearance and filed an answer, but did not file a response to the show cause order or otherwise address the reasons for Landis's default. Profast filed a response four days later, noting Landis's failure to respond and again requesting an entry of judgment. Not until July 9, 2008, six days after the Court's deadline, did Landis file a response to the Court's Order and respond to the default.

In its belated response, Landis states that its principal and his spouse had been undergoing medical procedures that distracted him from his efforts to obtain counsel and

-2-

respond to the Court's order.  Landis also states that its principal had misunderstood the Court's show cause order as requiring that Landis respond to Profast's complaint.  Landis's principal had therefore only instructed its newly-retained counsel to file an answer and had not told counsel of the Court's Order or provided counsel with a copy.  Counsel for Landis states that he was unaware of the Court's Order to show cause until he received a copy of Profast's July 7th submission requesting the entry of default judgment.  Landis contends that both its default and its delay in responding to the Court's Order were not deliberate and have caused no prejudice to Profast.  It requests that Profast's request for default judgment be denied and the default lifted.

Profast responds that it has suffered prejudice from Landis's delay because it incurred attorneys fees in moving for default.  Profast also says that, after serving the complaint but before requesting default, it sent two letters to Landis, advising it of its obligation to respond, which Landis ignored, suggesting willfulness.  Profast contends that Landis's answer concedes that Landis provided Profast with non-conforming goods and that Landis therefore has no meritorious defense to its claims.  Profast requests that the Court enter the requested default judgment, or in the alternative, enter judgment as to liability only and hold a hearing on damages.  Profast also

suggests, without elaboration, that the Court impose attorneys fees and costs incurred by Profast in serving its complaint in the amount of $60.00 and in securing the default in the amount of $750.00.

Federal courts do not favor the entry of defaults or default judgments, preferring that cases be decided on their merits and requiring that doubtful cases be decided in favor of the party seeking to set aside default.  U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984).  The same factors are to be considered in deciding whether to enter or to set aside a default or default judgment:  1) whether the plaintiff will be prejudiced; 2) whether the defendant has a meritorious defense; and 3) whether the default was the result of the defendant's culpable conduct.  Id. (applying factors to motion to set aside default or default judgment); Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (applying factors to motion for entry of default judgment).

All of these factors militate against the entry of default judgment in this case and in favor of setting aside the existing default.  Profast has not identified any prejudice it suffered from Landis's one-month delay in responding to its complaint.  The only concrete consequence Profast mentions from Landis's failure to answer is the $750.00 in legal fees it contends it incurred in moving for default.  This is not the type

of prejudice necessary to support the entry of default judgment, which requires a showing that the plaintiff's ability to pursue its claim has been hindered.  <u>Gross v. Sereo Component Systems, Inc.</u>, 700 F.2d 120, 123 (3d Cir. 1983).  Even if Profast's expenditure of $750.00 in fees were the type of prejudice that could support the entry of default judgment, entering judgment against Landis for the requested amount of $216,902.52 would be entirely disproportionate as a penalty.

> Although Landis has filed an answer, it is difficult to determine at this early stage of the litigation to determine whether it has a meritorious defense to Profast's claim.  In its answer, Landis admits that it received a purchase order from Profast for granite tiles for which Profast paid Landis $34,875.50, but that when Landis delivered the tiles to Profast, they were found to be non-conforming because they were the incorrect color.  Answer ¶¶ 7, 9, 11.  Landis also admits that, after Profast notified Landis that the tiles were non-conforming, Landis attempted to provide substitute goods, but was unable to provide the requested number of replacement tiles.  Answer ¶¶ 12-14.  Landis pleads that it is without knowledge or information sufficient to form a belief of the truth of Profast's allegations that, after Landis could not provide a sufficient number of replacement tiles, Profast purchased tile of the proper color from another supplier and removed Landis's replacements from its

job site, which caused Profast to incur contractual penalties for the resulting delay in finishing its tile work.

From the admissions in Landis's answer, it is unclear whether and to what extent Landis was able to cure its admitted initial delivery of non-conforming goods by procuring replacement tiles. Because properly evaluating Profast's claim and Landis's defense will require the development of facts in discovery, and because the law requires the benefit of the doubt be given to the party opposing default, the Court cannot say that Landis does not have a meritorious defense to Profast's claims.

The final factor in evaluating whether to enter or set aside default or default judgment is the defendant's culpable conduct. Nothing in the parties' submissions suggests that Landis's failure to timely respond to the complaint or the Court's orders was willful. Although the Court does not countenance the disregard of its Orders, it trusts that now that Landis is represented by counsel, that behavior will not reoccur.

For these reasons, the Court will deny Profast's request for entry of default judgment and will set aside the existing default against Landis. The Court will promptly schedule a Rule 16 conference by separate order, so that this case may proceed on the merits.

An appropriate Order follows.

```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
PROFAST COMMERCIAL            :    CIVIL ACTION
FLOORING, INC.                :
                              :
          v.                  :
                              :
LANDIS, LTD.                  :    NO. 08-1615
```

ORDER

      AND NOW this 21st day of July, 2008, upon consideration of the plaintiff's Request for Entry of Judgment of Default and the parties' responses to the Court's Show Cause Order of June 9, 2008, IT IS HEREBY ORDERED, for the reasons set forth in the accompanying Memorandum, that:

      1.   The plaintiff's Request for Entry of Judgment of Default (Docket No. 4) is DENIED.

      2.   The default entered by the Clerk of Court on June 3, 2008, is SET ASIDE.

      3.   The Court will promptly schedule a Rule 16 conference with the parties by separate order.

                                            BY THE COURT:

                                            /s/ Mary A. McLaughlin
                                            MARY A. McLAUGHLIN, J.